UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80429-ROSENBERG/REINHART

CHARLES EDWARD DAVIS, II,

    Plaintiff,

v.

SHERIFF RIC BRADSHAW, *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTION TO DISMISS

**THIS CAUSE** comes before the Court on Defendants Sheriff Ric Bradshaw, Horace Thompkins, and Nardea Jones's Motion to Dismiss the Second Amended Complaint. DE 212. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 214], Defendants' Reply [DE 220], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is denied.

In the Second Amended Complaint, Plaintiff Charles Edward Davis, II raises a Fourteenth Amendment claim of failure to protect under 42 U.S.C. § 1983 against Defendants Thompkins and Jones (Count I) and raises negligence claims against Defendants Thompkins, Jones, and Sheriff Bradshaw (Counts II, III, and IV). DE 200. Plaintiff's claims arise out of events that allegedly occurred on June 25, 2013, while he was in protective custody at the Palm Beach County Jail. In brief, Plaintiff alleges that Thompkins and Jones, employees of Sheriff Bradshaw, allowed an unhandcuffed inmate to attack Plaintiff with scalding hot water and a homemade knife.

A court may grant a motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court ruling on a motion to dismiss accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017).

In their Motion to Dismiss, Defendants first argue that Thompkins and Jones are entitled to qualified immunity from liability for the failure-to-protect claim because Plaintiff has failed to make allegations to show that they were subjectively aware that the inmate would attack Plaintiff. *See Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (requiring a plaintiff bringing a Fourteenth Amendment failure-to-protect claim to prove, in part, the defendant's deliberate indifference to a risk and stating that deliberate indifference necessitates subjective knowledge of a risk of serious harm and disregard of that risk by conduct that is more than gross negligence). However, Plaintiff has alleged that Thompkins and Jones placed him and the inmate together in a vestibule while the inmate was unhandcuffed and carrying a cup of "scalding hot water," that Thompkins told the inmate to "go ahead," and that the inmate then attacked Plaintiff while Thompkins and Jones "stood by idly." *See* DE 200 at 5-6. These allegations, accepted as true, are sufficient to show that Thompkins and Jones were subjectively aware that the inmate would cause Plaintiff serious harm.

Defendants next contend that Plaintiff has failed to make allegations of conduct beyond negligence on the part of Thompkins and Jones to support a constitutional claim. *See Lumley v. City of Dade City, Fla.*, 327 F.3d 1186, 1197 (11th Cir. 2003) (stating that, to prevail on a Fourteenth Amendment claim, a plaintiff generally must prove that a defendant's conduct "shocks the conscience" and that a showing of mere negligence is insufficient (quotation marks omitted)). As discussed above, Plaintiff has alleged that Thompkins told the inmate, who held a cup of "scalding hot water," to "go ahead" and that the inmate attacked Plaintiff while Thompkins and Jones "stood by idly." *See* DE 200 at 6. These allegations, accepted as true, are sufficient to show conduct beyond negligence.

Defendants argue that, should the Court dismiss Plaintiff's § 1983 claim, it should decline to exercise supplemental jurisdiction over his state law negligence claims. Because the Court is not dismissing the § 1983 claim for the reasons discussed, this argument warrants no further discussion.

Finally, Defendants maintain that Plaintiff failed to plead compliance with the mandatory pre-suit notice requirement under Fla. Stat. § 768.28(6)(a) for his negligence claims. *See* Fla. Stat. § 768.28(6)(a), (b) (referring to this requirement as a condition precedent). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Plaintiff's allegation in the Second Amended Complaint that "[a]ll conditions precedent to bringing the causes of action asserted herein have been performed, have occurred, or have been waived" is sufficient to plead compliance with § 768.28(6)(a). *See* DE 200 at 2; *see, e.g.*, *Ullman v. Fla. Dep't of Corr.*, No. 5:17-cv-66, 2017 WL 2103392, *4 (M.D. Fla. May 15, 2017) (stating that a complaint need not specifically allege compliance with § 768.28(6) to satisfy pleading requirements and concluding that an allegation

that the plaintiff had "complied with all conditions precedent and exhaustion of pre-suit remedies" was sufficient for the complaint to withstand a motion to dismiss). To the extent that Defendants contend that the notice given was somehow insufficient, that contention relies on matters outside of the Second Amended Complaint and is inappropriate for resolution at this stage. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (explaining that a court ordinarily may not consider anything beyond the face of the complaint and its attachments when analyzing a motion to dismiss).

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendants Sheriff Ric Bradshaw, Horace Thompkins, and Nardea Jones's Motion to Dismiss the Second Amended Complaint [DE 212] is **DENIED**.

2. Defendants shall file an Answer to the Second Amended Complaint by no later than **December 13, 2019**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

4