**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:14-CV-80429-ROSENBERG/REINHART**

CHARLES EDWARD DAVIS, II,

Plaintiff,

v.

SHERIFF RIC BRADSHAW, *et al.*,

Defendants.
________________________________/

**ORDER GRANTING MOTION TO ALTER OR AMEND SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART AMENDED RENEWED MOTION FOR FINAL SUMMARY JUDGMENT**

This matter comes before the Court on Defendants Sheriff Ric Bradshaw, Deputy Narda Jones, and Deputy Horace Thompkins's Amended Renewed Motion for Final Summary Judgment [DE 244] and on Plaintiff Charles Davis, II's Motion to Alter or Amend Summary Judgment [DE 245]. Both motions are fully briefed. The Court has carefully reviewed the Motions, the Responses and Replies thereto, and the entire record, and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Alter or Amend Summary Judgment is granted, and the Amended Renewed Motion for Final Summary Judgment is granted in part and denied in part.

## I. MOTION TO ALTER OR AMEND

As background, the undersigned was assigned this case after it had been pending for approximately five and a half years. *See* DE 195. Following a status conference with the parties to address how this case should proceed in an efficient and expeditious manner, Davis filed a Second Amended Complaint raising civil rights claims under 42 U.S.C. § 1983 for failure to protect and failure to intervene against Deputies Thompkins and Jones and raising negligence

claims under Florida law against the Deputies and Sheriff Bradshaw. *See* DE 196; DE 200. The Second Amended Complaint prompted a Motion to Dismiss and, later, a Renewed Motion for Summary Judgment. *See* DE 212; DE 228.

Defendants' Renewed Motion for Summary Judgment sought judgment on the § 1983 claims on their merits and for failure to exhaust administrative remedies and sought judgment on the negligence claims on procedural grounds. DE 228. The Court granted summary judgment on the § 1983 claims and denied summary judgment on the negligence claims. DE 239. More specifically, the Court concluded that the Deputies had waived their exhaustion argument by failing to raise it earlier in this case. *Id.* at 6-7. The Court determined that summary judgment was appropriate on the failure-to-protect claims due to the lack of evidence that either Deputy was subjectively aware of a risk to Davis's safety before the attack that is the subject of this litigation—another inmate ("inmate Jones") throwing hot water from a cup into Davis's face and then attempting to stab him with a shank. *Id.* at 10-13. The Court determined that summary judgment was appropriate on the failure-to-intervene claims because the Deputies could not have intervened in the throwing of the hot water and because there was no allegation or evidence that Davis suffered injury from fighting with inmate Jones with the shank. *Id.* at 14-15. As to the negligence claims, the Court rejected Defendants' arguments relating to pleading deficiencies and lack of statutory notice. *Id.* at 15-19.

The Court concluded its Summary Judgment Order by noting that Defendants had not sought summary judgment on the merits of the negligence claims. *Id.* at 19. Given the possibility that the issues for trial could be further narrowed through a summary judgment order on the merits of the negligence claims, and given that further summary judgment briefing would not delay the

trial because jury trials are currently stayed in this District due to the COVID-19 pandemic, the Court allowed Defendants to move for permission to seek summary judgment on the merits of the negligence claims. *Id.* Defendants subsequently did move for such permission, Davis did not oppose the motion, and the Court granted the motion. *See* DE 240; DE 242; DE 243. The instant Amended Renewed Motion for Final Summary Judgment resulted.

While the Amended Renewed Motion for Final Summary Judgment was briefing, Davis filed the instant Motion to Alter or Amend under Fed. R. Civ. P. 59(e). He asks the Court to amend its Summary Judgment Order based on evidence that he failed to bring to the Court's attention during the prior summary judgment briefing. This evidence falls into two categories.

First, Davis points to evidence that, immediately before inmate Jones threw the hot water, Deputy Thompkins looked at inmate Jones and said something to the effect of, "Go ahead, handle that." Davis provides no explanation for failing to bring what he calls "critical" evidence to the Court's attention during the prior briefing. *See* Fed. R. Civ. P. 56(c)(1)(A) (requiring a party on summary judgment to support facts by citing to particular parts of the record); Southern District of Florida Local Rule 56.1(a), (b) (requiring a party opposing summary judgment to file a statement of material facts with citations to particular parts of the record); DE 206 at 10-12 (Court's Trial Order specifying procedures for summary judgment, including the requirement of a statement of material facts with specific references to the record). Davis did previously argue that Deputy Thompkins had said something to the effect of, "go ahead," but Davis did not, in his summary judgment response, cite to any evidence that supported the argument. DE 233 at 4; DE 234 ¶ 78; DE 239 at 13 n.2. Defendants, in their summary judgment reply, pointed out that Davis had failed

to cite to any evidence that supported his argument. DE 237 at 3. He never sought leave to file a sur-reply, to amend his statement of material facts, or to supplement the record.

Second, Davis points to evidence that he did suffer injury from fighting with inmate Jones in that he was stabbed in the neck with the shank and had miscellaneous cuts, scrapes, abrasions, and bruising to his body. Davis also provides no explanation for failing to bring this "critical" evidence to the Court's attention during the prior briefing. Not only did he previously fail to cite to this evidence of injuries, but he also failed to even argue that he was injured as a result of the fight. He did not respond to Defendants' argument that there was no evidence of injury as a result of the fight. DE 228 at 13-14; DE 239 at 14-15. He did not dispute that inmate Jones *attempted* to stab him with the shank. DE 229 and 234 ¶ 43; DE 234 ¶ 49.

"[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). Davis does not contend that the evidence that he now brings to the Court's attention was unavailable at the time of the prior summary judgment briefing.

Nevertheless, the Court exercises its discretion and will reconsider its Summary Judgment Order in light of this new evidence. *Cf. Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227, 1231-32 (11th Cir. 2010) (explaining that reconsideration is ultimately discretionary for a district court). The Court makes this decision for several reasons. First, it would be unfair to penalize Davis for his counsel's briefing deficiencies. Second, reconsideration will not delay trial, as jury trials remain stayed in this District through January 4, 2021, due to the COVID-19 pandemic. *See* United States District Court Southern District of Florida Administrative Order 2020-53 (Aug. 11, 2020).

Third, the Court permitted Defendants a second opportunity to seek summary judgment on the negligence claims, and it would be nonsensical to now evaluate the negligence claims using a different evidentiary record than was used to evaluate the § 1983 claims. Thus, the Court proceeds to summary judgment analysis for all of Davis's claims.

## II. MOTION FOR SUMMARY JUDGMENT[1]

### A. Civil Rights Claims

In short, to defeat summary judgment on a failure-to-protect claim, there must exist evidence that the defendant was aware of specific facts showing a substantial and particularized risk of serious harm to the plaintiff. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003). The Court previously determined that the record lacked evidence that Deputies Thompkins and Jones were aware of a particularized risk to Davis before inmate Jones threw hot water in his face. Davis now points to evidence that does create a genuine issue as to whether Deputy Thompkins was aware of a substantial and particularized risk that inmate Jones would harm Davis—the evidence that, while inmate Jones was holding a cup of hot water, and immediately before he threw the water in Davis's face, Deputy Thompkins looked at inmate Jones and said, "Go ahead, handle that."[2] DE 255 at 5:50-6:10. If this occurred, whether Deputy Tompkins's statement indicates an awareness of and "verbal

[1] The Court incorporates the undisputed facts, procedural background, summary judgment standard, and relevant law set forth in the Summary Judgment Order and will discuss additional facts and law where appropriate. *See* DE 239.

[2] Davis also maintains that Deputies Thompkins and Jones "willfully ignored" his plea to return to his cell when he "warned" them of the danger that inmate Jones posed. DE 248 at 3, 8-9. He made this same contention in his prior summary judgment response, and the Court, in the Summary Judgment Order, pointed out that he failed to cite to any evidence that supported his contention. *See* DE 239 at 12. He instead cited only to evidence that he asked to be excused and to take books back to his cell. *See id.* He continues to make the same contention upon re-briefing while still failing to cite to any evidence supporting the contention.

encouragement" for what inmate Jones was about to do (as Davis characterizes it), or whether there is some other explanation for the statement, is a matter for the jury to resolve.

If Deputy Thompkins was aware of a substantial and particularized risk of serious harm to Davis and failed to act to protect him, Deputy Thompkins is not entitled to qualified immunity. *See Scott v. Miami Dade Cnty.*, 657 F. App'x 877, 884-85 (11th Cir. 2016) (explaining that, for the purpose of overcoming qualified immunity for a failure-to-protect claim, the Supreme Court in *Farmer v. Brennan* set forth the broad and clearly established principle that prison officers have a duty to protect inmates from violence at the hands of other inmates and may be held liable if they know of and disregard a substantial risk of an inmate-on-inmate attack); *see also King v. Pridmore*, 961 F.3d 1135, 1145-46 (11th Cir. 2020) (stating that identification of a broad, clearly established principle is one way to show that a defendant's conduct violated a clearly established constitutional right). Upon reconsideration and in light of the new evidence, there is a genuine issue of material fact that precludes summary judgment on the failure-to-protect claim against Deputy Thompkins.

This evidence of Deputy Thompkins's statement, however, does not demonstrate any awareness by Deputy Jones that Davis would be attacked. Davis has pointed to no evidence that Deputy Jones was aware of a substantial and particularized risk of serious harm to him. The Court's prior conclusion that she is entitled to qualified immunity and summary judgment on the failure-to-protect claim is unaltered.

As to the failure-to-intervene claims, Davis now cites to photographs that he contends demonstrate that he was stabbed in the neck with the shank and suffered cuts, scrapes, abrasions, and bruising while he fought with inmate Jones on the floor after inmate Jones threw the hot water. *See* DE 245-2 and -3. This new evidence alters the Court's prior grant of summary judgment on

the failure-to-intervene claims, which was based on the lack of any evidence that the Deputies' non-intervention in the fight caused Davis injury.

Davis faults Deputy Thompkins, who was inside the vestibule where the fight occurred, for failing to intervene. Deputy Thompkins responds that there is a reasonable explanation for his delay in intervening in that he was caught off guard after some of the hot water landed on him. His explanation for failing to intervene is a matter to be presented to the jury. He also responds that there was insufficient time for him to intervene, as the fight was brief. The duration of the fight is unclear from this record, but it was long enough for Deputy Jones, who was not in the vestibule, to hear what sounded like fighting, for Deputy Jones to alert another deputy about the sounds of fighting, and for the other deputy to respond by entering the vestibule and breaking up the fight. *See* DE 229 and 249 ¶¶ 45, 46. Whether Deputy Thompkins had sufficient time to intervene is a matter for the jury to resolve.

If Deputy Thompkins was in a position to intervene to protect Davis and failed to do so, he is not entitled to qualified immunity. *See Woodyard v. Ala. Dep't of Corr.*, 700 F. App'x 927, 934 (11th Cir. 2017) (explaining that, for the purpose of overcoming qualified immunity for a failure-to-intervene claim, "our precedents have made clear, repeatedly, that the Constitution requires that prison officials take reasonable measures to protect the safety of the inmates"). Upon reconsideration and in light of the new evidence, there is a genuine issue of material fact that precludes summary judgment on the failure-to-intervene claim against Deputy Thompkins.

Deputy Jones was not in the vestibule when the fight occurred.[3] DE 229 and 249 ¶ 45. She heard what sounded like fighting and alerted another deputy about the sounds of fighting, and the

[3] In his statement of material facts, Davis disputes what Deputy Jones was doing at the time but does not dispute that she was not in the vestibule. DE 229 and 249 ¶ 45. The fact that she was not in the vestibule is uncontroverted and

other deputy responded to break up the fight. *Id.* ¶¶ 45, 46. Davis provides no authority for a proposition that Deputy Jones failing to respond herself—when she was not in the room where the fight occurred, did not see the fight, did not know precisely what was happening and only heard what sounded like fighting, alerted another deputy about the sounds of fighting, and knew that the other deputy was responding—was a violation of clearly established law. Davis has not carried his burden to show that Deputy Jones is not entitled to qualified immunity. *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) ("Once an officer raises the defense of qualified immunity, the plaintiff bears the burden to show that the officer is not entitled to it."). The Court's prior conclusion that Deputy Jones is entitled to qualified immunity and summary judgment on the failure-to-intervene claim is unaltered.

In summary, on reconsideration the Court amends its Summary Judgment Order and denies Deputy Thompkins summary judgment on the civil rights claims under 42 U.S.C. § 1983 for failure to protect and failure to intervene. Deputy Jones is granted summary judgment on the failure-to-protect and failure-to-intervene claims.

**B. Negligence Claims**

Davis raises negligence claims under Florida law against Deputies Thompkins and Jones and Sheriff Bradshaw. Correctional officers owe a duty of reasonable and ordinary care to prevent injuries to prisoners and may be held liable for failing to use reasonable care to prevent injuries that could be reasonably foreseen. *Dep't of Health & Rehab. Servs. v. Whaley*, 574 So. 2d 100,

---

is deemed admitted. *See* Fed. R. Civ. P. 56(e)(2); Southern District of Florida Local Rule 56.1(c). Davis cites no evidence that supports his repeated assertions that Deputy Jones "stood by and watched" while the fight occurred. *See* DE 248 at 8-10.

103-04 (Fla. 1991); *Spann v. State of Fla., Dep't of Corr.*, 421 So. 2d 1090, 1091-92 (Fla. 4th Dist. Ct. App. 1982).

Holding Deputies Thompkins and Jones liable for negligence requires a different showing than holding Sheriff Bradshaw liable for negligence.

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

Fla. Stat. § 768.28(9)(a). "Florida courts have interpreted this statute to require a showing of actual malice, where the conduct is worse than gross negligence, and more reprehensible and unacceptable than mere intentional conduct." *Barnett v. MacArthur*, 715 F. App'x 894, 904 n.9 (11th Cir. 2017) (citation and quotation marks omitted); *see also Gurrera v. Palm Beach Cnty. Sheriff's Off.*, 657 F. App'x 886, 892 (11th Cir. 2016) ("Florida courts equate bad faith with the actual malice standard.").

For the same reasons that there exist genuine issues for trial on the § 1983 claims against Deputy Tompkins, there exist genuine issues as to whether he "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." As discussed above, there is evidence that the jury could construe as indicating that Deputy Thompkins was aware that inmate Jones was going to throw hot water at Davis. If Deputy Thompkins was so aware and failed to act to protect Davis, the jury could find bad faith, maliciousness, or wanton and willfulness. Thus, there is a genuine issue of material fact that precludes summary judgment on the negligence claim against Deputy Thompkins.

Summary judgment is appropriate on the negligence claim against Deputy Jones for the same reasons that summary judgment is appropriate on the § 1983 claims against her. As discussed above and in the prior Summary Judgment Order, Davis has pointed to no evidence that Deputy Jones was aware that inmate Jones would throw hot water at Davis, that inmate Jones would attack him in any other manner, or that any other inmate would harm him. And, although Deputy Jones did not herself respond when she heard what sounded like fighting, she alerted another deputy about the sounds of fighting and knew that the other deputy was responding. The Court sees no evidence from which the jury could conclude that Deputy Jones "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Deputy Jones is granted summary judgment on the negligence claim.

As an alternative to holding Deputies Thompkins and Jones liable for negligence, Davis sues Sheriff Bradshaw in his official capacity for the negligence of his employees. Without a showing that an "act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property," the

> exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee.

Fla. Stat. § 768.28(9)(a).

Based on the evidence, there is at least one series of actions that a jury could conclude supports a finding of negligence by an employee of Sheriff Bradshaw.[4] As detailed in the prior

[4] The Court takes no position on whether other actions by Deputies Thompkins and Jones could also support findings of negligence. For the purpose of ruling on the instant Summary Judgment Motion, it is sufficient to conclude that there exists at lease one series of actions that could support a finding of negligence.

Summary Judgment Order, Deputy Thompkins was letting inmates out of their cells to go to the recreation area and did not ensure that the inmates were handcuffed, which violated the jail policy that inmates are to be handcuffed when they are not in their cells or the recreation area. DE 239 at 2; DE 229 and 249 ¶¶ 30, 30. While inmate Jones was on his way to the recreation area and while he was unhandcuffed, he was permitted to obtain a cup of extremely hot water. DE 239 at 2; DE 229 and 249 ¶¶ 32, 35-37. A jury could conclude that allowing inmate Jones to have a substance that could be used as a weapon, while unhandcuffed, was a breach of the duty of reasonable care.

Defendants assert that inmate Jones could have obtained the hot water and thrown it at Davis even if he had been handcuffed. However, they have cited to no evidence to support this argument. *See* DE 244 at 17. They also assert that it was not reasonably foreseeable that inmate Jones would harm anyone with the hot water. That is a matter for the jury to resolve. *See McCain v. Fla. Power Corp.*, 593 So. 2d 500, 504 (Fla. 1992) (explaining that foreseeability as it relates to the causation element of a negligence claims is generally a matter for the jury). There is a genuine issue of material fact that precludes summary judgment on the negligence claim against Sheriff Bradshaw.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Charles Davis, II's Motion to Alter or Amend Summary Judgment [DE 245] is **GRANTED**. Defendants Sheriff Ric Bradshaw, Deputy Narda Jones, and Deputy Horace Thompkins's Amended Renewed Motion for Final Summary Judgment [DE 244] is **GRANTED IN PART AND DENIED IN PART**. Deputy Jones is **GRANTED** summary

judgment on Counts I and III of the Second Amended Complaint. Deputy Thompkins and Sheriff Bradshaw are **DENIED** summary judgment on Counts I, II, and IV.

This matter is **REFERRED** to Magistrate Judge Bruce E. Reinhart for a Settlement Conference. The date and time of the Settlement Conference will be set by Judge Reinhart by separate order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of September, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record